OPINION — AG — **** PUBLIC AGENCY DEFINED **** THE ATTRIBUTES OF A POLITICAL SUBDIVISION, AS THAT TERM IS USED IN 74 O.S. 1971 1003 [74-1003](A) ARE THAT IT PERFORMS A FUNCTION OF LOCAL GOVERNMENT, EXTENDS OVER A PRESCRIBED GEOGRAPHICAL AREA, AND EXERCISES AUTHORITY FOR SUBORDINATE SELF GOVERNMENT THROUGH OFFICERS DULY SELECTED BY IT. ANY ENTITY CREATED BY STATUTE POSSESSING THE AUTHORITY TO ACT WITH THE SANCTION OF GOVERNMENT BEHIND IT IS A GOVERNMENTAL AGENCY WITHIN THE MEANING OF SECTION 1003(A), SUPRA. ACCORDINGLY, FOR THE PURPOSES OF 74 O.S. 1971, 1001-1008 [74-1001] — [74-1008], THE TERM " PUBLIC AGENCY " EMBRACES SCHOOL DISTRICTS, AREA SCHOOL DISTRICTS, FOR VOCATIONAL AND/OR VOCATIONAL TECHNICAL SCHOOLS, STATE COLLEGES AND UNIVERSITIES, AND TRUSTS CREATED UNDER STATUTES RELATING TO TRUSTS FOR FURTHERANCE OF PUBLIC FUNCTIONS. CITE: ARTICLE X, SECTION 26, 60 O.S. 1951 179 [60-179] (DUCHESS BARTMESS) ** SEE OPINION NO. 88-538 (1988) ** ** SEE OPINION NO. 96-047 (1996) ** Linda K. ElstonAppellee: Noble and Liberty Finance Company Unpublished Opinion No. 86,617 (1996) (Hansen) (Muskogee County — Robin Adair) (NP) MEMORANDUM OPINION Linda Elston petitioned for a protective order in district court, seeking to prevent Appellant, Noble and Liberty Finance Co., and its employee George Biplee from stalking, threatening or harassing her over an unpaid bill. After hearing, the trial court issued a protective order forbidding Appellant to abuse, injure, visit, assault, molest, threaten, stalk or harass or otherwise interfere with Ms. Elston. Appellant asks this Court to reverse that order, claiming The Protection from Domestic Abuse Act, 22 O.S. 60.1 [22-60.1] (1995) et seq. (The Act) does not cover business entities. There is neither a transcript nor a narrative statement included in the record on appeal. Further, the record does not contain an answer or other denial of the allegations Ms. Elston makes in her petition against Appellant. Ms. Elston filed no response to Appellant's petition in error and the Supreme court ordered this Court to consider the appeal on Appellant's brief only. As a general rule, where failure to file the answer brief is unexcused, we will reverse the appealed judgment if the brief in chief reasonably supports Appellant's allegations. Fleet Real Estate Funding v. Frampton,812 P.2d 416 (Okla.App. 1991). However, reversal is never automatic on Appellee's failure to file a brief. If the record does not support the allegations of error, the trial court's judgment will be affirmed. Hamid v. Sew Original, 645 P.2d 496 (Okla. 1982). Although Appellant does not set forth any propositions of error in its brief, the gist of its complaint is that protective orders may not be issued against a company pursuant to The Act. It does not deny any of the allegations in Ms. Elston's petition or show how it was damaged by the issuance of the protective order. 22 O.S. 60.1 [22-60.1] defines harassment as "a knowing and willful course or pattern of conduct by an adult, emancipated minor, or minor thirteen (13) years of age or older directed at a specific person, and which serves no legitimate purpose." It does not specifically refer to conduct of a corporation or company. Appellant cites Marquette v. Marquette, 686 P.2d 990 (Okla.App. 1984) as reflective of the Legislative intent in passing the Protection From Domestic Abuse Act. Marquette states the Legislature apparently enacted this Act as a result "of increased public awareness regarding the serious nature of domestic violence." It attempted to remedy the problem by providing immediate as well as long range protection for the victims of domestic abuse. Appellant argues the Act clearly does not cover actions by a company or corporation. While this Court recognizes there might be situations where a protective order against natural persons would be justified, we find Appellant's brief reasonably supports its claim of error. Accordingly, the judgment of the trial court is reversed. REVERSED (FOOTNOTE): The trial court originally included Biplee in its order but later struck him from the order and further forgave court costs.